UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>ALFRED BAKER,<br><br>              Defendant. | No. CR-01-151-FVS<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |

**THIS MATTER** came before the Court for a hearing on the Defendant's Motion for Reduction of Sentence, Ct. Rec. 78, on July 15, 2008. Assistant United States Attorney Timothy J. Ohms appeared on behalf of the United States. Donald A. Kellerman appeared on behalf of the Defendant.

On July 10, 2002, the Defendant pled guilty to one count of Distribution of Cocaine Base. He came before the Court for sentencing on October 29, 2002. The Court adopted the conclusions of the PreSentence Investigation Report ("PSIR"), finding the Defendant's Base Offense Level to be 16 under U.S.S.G. § 2D1.1(c)(12). The Court also held that the Defendant qualified as a career offender under U.S.S.G. § 4B1.1, raising his Base Offense Level to 32 and placing him in Criminal History Category VI. Taking into account a reduction of three points for acceptance of responsibility and timely entrance of a plea, the Defendant's Guideline range came to 151-188 months. The Court accordingly sentenced him to 151 months imprisonment to be followed by 3 years supervised release.

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE- 1

The Defendant now moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Citing *United States v. Booker* and its progeny, he argues that the Court should disregard its prior ruling that the Defendant is a career offender and consider the factors set forth in 18 U.S.C. § 3553(a). The 2007 amendment to U.S.S.G. § 2D1.1 reduces his base offense level from 16 to 12.

The Court concludes that it has no legal basis to resentence the Defendant. 18 U.S.C. § 3582(c)(2) authorizes the Court to reduce a defendant's sentence when his or her Guideline range has been reduced by an amendment to the Sentencing Guidelines. However, such a reduction is contrary to the policy of the Sentencing Guidelines when the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B.10(a)(2)(B). Here, the Defendant was sentenced pursuant to the career offender guideline, U.S.S.G. § 4B1.1, rather than the recently-amended guidelines for offenses involving cocaine, U.S.S.G. § 2D1.1. The 2007 amendment to Section 2D1.1 consequently has no effect upon his Guideline range and relief is unavailable under 18 U.S.C. § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Reduction of Sentence, **Ct. Rec. 78,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___21st___ day of July, 2008.

>             s/ Fred Van Sickle
>             Fred Van Sickle
>   Senior United States District Judge

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE- 2